UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FABIAN ALBARADO-SANTANA,**

            **Petitioner,**

vs.                                      **Case No. 8:06-CV-1442-T-27TBM**
                                                   **Crim Case No. 8:05-CR-21-T-27TBM**

**UNITED STATES OF AMERICA,**

            **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1). Upon consideration, Petitioner's motion is DENIED.

Petitioner was charged in a one count Superseding Indictment with conspiracy to distribute, and to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. (CR Dkt. 7). Petitioner pleaded guilty pursuant to written plea agreement. (CR Dkts. 42, 43, 45). On June 27, 2005, Petitioner was sentenced to 132 months in prison, to be followed by five years of supervised release. (CR Dkt. 100). Judgment was entered on June 29, 2005. (CR Dkt. 102). Petitioner did not appeal. The instant Motion to Vacate, Set Aside or Correct Sentence Pursuant was filed on July 24, 2006, more than one year after Petitioner's conviction became final. (CR Dkt. 161; CV Dkt. 1).

In his instant motion to vacate, Petitioner alleges two grounds:

(1)     "Ineffective Assistance of counsel As to, an Involuntary Plea." - "The Petitioner did not pleed [sic] Guilty, Guilty to the amount of Drugs that He was sentenced to, in violation of Blakely V. Washington, 124 S.CT, (2005)."; and

-1-

(2) "Ineffective assistance of counsel as to, A denial of a right to Appeal." - "Counsel fail to file any Appeal on my Behalf - Counsel even fail to discuss any Possibility of filing an Appeal."

**Timeliness of Petition**

An initial issue is whether the petition to vacate is timely. Petitioner acknowledges that the motion was filed more than one year after his conviction became final (Dkt. 15). A motion to vacate, set aside, or correct sentence pursuant to § 2255 must be filed within one year of when the challenged conviction became final. *See* 28 U.S.C. § 2255, ¶ 6. Here, judgment was entered on June 29, 2005 (CR Dkt. 102). Since Petitioner did not file a direct appeal, his conviction became final on July 14, 2005.[1] *See* Fed. R.App. P. 3(a) and 4(b)(1)(A); *see also United States v. Rothseiden,* 680 F.2d 96, 97 (11th Cir. 1982) ("the entry in the criminal docket of the judgment or order appealed from" triggers the period for filing a notice of appeal). Thus, to be timely, Petitioner's § 2255 motion would have to have been filed on or before July 14, 2006. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999)(*citing Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")). Petitioner filed the instant motion to vacate on July 24, 2006,[2] ten days after the one year limitation period expired. The § 2255 motion is therefore untimely, unless Petitioner can show that the one year limitation period should be equitably tolled.

---

[1] The ten days for Petitioner to file an appeal actually ran on July 9, 2005, but because that day fell on a Saturday, Petitioner's conviction did not become final until the following business day, Monday, July 11, 2005.

[2] While the motion was actually received and filed by the Clerk of Court on August 4, 2006, under the "mailbox rule," the motion is deemed filed on July 24, 2006, the date the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States,* 173 F.3d at 1341, (under the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing.

The one year limitation period can be extended only if a petitioner demonstrates "extraordinary circumstances beyond . . . [his] control" that made it impossible to file a timely motion, unavoidable even with due diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). To the extent Petitioner urges that the one year limitation period should be equitably tolled, his contention is without merit.

Equitable tolling is an extraordinary remedy and sparingly applied. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000). An inmate must show specific facts to support a claim of extraordinary circumstances and due diligence justifying equitable tolling. *Brown v. Barrow,* ___ F. 3d ___, 2008 WL 108706, *1 (11th Cir. 2008). Here, Petitioner has not made that showing. Petitioner bears the burden of establishing both extraordinary circumstances beyond his control which prevented him from filing a timely § 2255 motion and the exercise of due diligence. *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).

**Ineffective assistance of counsel claim**

In response to this Court's Order to Show Cause Why Petition Should Not be Dismissed as Untimely (Dkt. 3), Petitioner claims that his attorney failed to file a direct appeal as Petitioner had requested him to do (Dkt. 4). He alleged that he did not know that an appeal had not been filed "until the Petitioner sent for a Docket Case in his case in July of 2006," and that when he discovered that an appeal had not been filed, he "only had a few days to apply under 28 U.S.C. 2255 . . . ." *Id*. The essence of Petitioner's argument is that he would have filed a timely motion to vacate if he had

known that his attorney had not filed an appeal. His argument is unpersuasive, as will be discussed.

Petitioner further alleges that:

"the inmate that was helping Petitioner got transferred the Petitioner then took a few more days to find another inmate to help him with filing his 2255, the Petitioner then filed a Motion with this Honorable Court to obtain copies of his Court Records, see Docket No. 159, dated 7/10/2006."

### Evidentiary hearing

An evidentiary hearing was conducted on February 23, 2007 (Dkt. 11). Based on the testimony and evidence presented, Petitioner's contention that his attorney failed to follow his instructions to file a direct appeal is without merit. Petitioner was represented by Assistant Federal Public Defender Alec Hall, an experienced federal criminal defense attorney. Hall testified that he first met with Petitioner on March 7, 2005 and with the assistance of an interpreter, discussed the entire case, including the trial, a guilty plea, discovery and the right to appeal. Hall met with Petitioner a second time on March 17, 2005 with the Plea Agreement. At that meeting, Petitioner at first indicated that he intended to go to trial but as Hall was leaving, Petitioner told Hall he wanted to plead guilty, so Hall "sat down" and reviewed the Plea Agreement "page by page."

Hall specifically discussed and explained the appeal waiver clause in the Plea Agreement, spending most of his time on that (*see* Dkt. 42, p. 12). Because Petitioner's charges involved the use of a firearm, Hall determined that it was unlikely that Petitioner would qualify for "safety valve" under the sentencing guidelines so he discussed with Petitioner the prospect of earning a § 5K1.1 motion based on substantial assistance. During that meeting, Petitioner expressed no interest in appealing. If he had expressed an interest, Hall would have reviewed the appeal waiver clause again as an appeal would have been inconsistent with that provision of the Plea Agreement.

After Petitioner pleaded guilty, Hall reviewed the Pre-sentence Investigation report with Petitioner. He explained that Petitioner did not qualify for safety valve and that he needed to earn a § 5K1.1 motion. He reviewed the sentencing guideline range of 108-135 months with Petitioner but explained that he was exposed to a statutory minimum mandatory sentence of at least 120 months. Hall recalled that before and after the plea colloquy, Petitioner expressed no interest in appealing.

Most importantly, after sentencing, Hall explained the sentence to Petitioner and discussed with Petitioner his right to appeal, consistent with his standard practice. At that time, Petitioner told him he did not want to appeal. Hall sent a confirming letter to Petitioner, which Petitioner acknowledges having received. (Gov. Ex. 5). In that letter, Hall wrote: "You have indicated that you do not wish to appeal your sentence and I agree with your decision." Petitioner never contacted Hall after sentencing, although Hall's letter invited him to do so, "if you have any specific questions about the case which I have not previously discussed with you . . . ."

Given Hall's credible recollection of the events leading to Petitioner's guilty plea and sentencing, including Hall's discussions with Petitioner before and after sentencing, and Hall's July 6, 2005 letter confirming that Petitioner did not want to appeal, Petitioner's contention that he told Hall to appeal is not believable. Hall's testimony was credible.

Based on the testimony and evidence presented, this Court finds that Attorney Hall fulfilled his duty to consult with Petitioner regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes. *See Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). During that consultation, Petitioner expressly declined to appeal. Accordingly, Hall could not have ignored a directive to file an appeal, as Petitioner falsely contends.

Considering the appeal waiver clause in the Plea Agreement, that a sentence within the applicable sentencing guideline range was imposed, as Hall had predicted, and that Petitioner expressly declined to appeal, Hall acted reasonably in confirming Petitioner's indication that he did not want to appeal and closing his file. Hall therefore did not render ineffective assistance. Petitioner fails to satisfy the first prong of the *Strickland* ineffective assistance test. *Strickland v. Washington*, 466 U.S. 668 (1984) (Defendant must satisfy two-prong test to establish that he has received ineffective assistance of counsel: (1) counsel's performance failed to meet an objective standard of reasonableness, and (2) counsel's conduct prejudiced defendant.

To the extent, therefore, that Petitioner blames his attorney's failure to file an appeal as a basis for equitable tolling, he has not met his burden. Petitioner did not instruct his attorney to appeal and in fact told him he did not want to appeal. Regardless, Petitioner's attorney confirmed to Petitioner in writing shortly after sentencing that he would not file an appeal, consistent with Petitioner's intentions. Petitioner has not and cannot show prejudice from his attorney's conduct. Nor has he shown due diligence. To the contrary, Petitioners' inaction, with knowledge that an appeal would not be filed, demonstrates to the contrary, as will be discussed..

**Equitable tolling based on inexcusable neglect**

Finally, excusable neglect will not support equitably tolling of the one year limitation period. Nor will an attorney's negligence support equitable tolling. *Sandvik v. United States,* 177 F.3d 1269, 1272 (11th Cir. 1999). To the extent, therefore, Petitioner relied on a fellow inmate's assistance, that individual's neglect in delaying preparation of Petitioner's motion will not toll the limitation period. Nor are Petitioner's language difficulties a basis for equitable tolling. *United States v. Montano,* 398 F.3d 1276, 1280 (11th Cir. 2005) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)) (inability to read and speak English is not in itself a sufficient basis for equitably tolling).

Finally, Petitioner contends that he learned that an appeal had not been filed "a few days" before the one year period ran. This contention was refuted during the evidentiary hearing by Petitioner's own testimony, during which he acknowledged having received Attorney Hall's letter of July 6, 2005 "right after" sentencing. (Gov. Ex. 5). Petitioner knew, as early as July 2005, when Hall wrote to him, that an appeal would not be filed. Hall's letter confirmed that an appeal would not be filed. If, as Petitioner claims, he desired to appeal, he had the ability to contact Hall when he received Hall's letter. Yet, he did not call or write Hall. Although Petitioner testified that he didn't have Hall's telephone number, Hall's number is in the letter. In sum, Petitioner's testimony was not credible.

Petitioner has not shown that circumstances beyond his control prevented him from filing a timely § 2255 motion. Petitioner advances no legitimate reason, consistent with due diligence, as to why he could not have filed a timely § 2255 motion. Petitioner's suggestion that his *pro se* request for documents from the Clerk (CR Dkt. 159) should have been construed as a timely § 2255 motion is unavailing. Nothing in that filing can arguably be construed as a § 2255 motion for purposes of assessing the timeliness of this action. Indeed, nothing in that document sought an adjudication on the merits of a claim such that it could be construed as an "application for habeas corpus relief." *Cf Woodford v. Garceau*, 538 U.S. 202, 207 (2003).

Consistent with Petitioner's argument, Petitioner's filing was nothing short of a "placeholder" filing, insufficient to toll the one year period or to constitute a timely § 2255 motion. Petitioner may not circumvent the one year limitation period by merely filing a motion to obtain copies of court documents (CR Dkt. 159) as a prelude to a future § 2255 motion. *See Payne v. United States,* 2007 WL 496608, *5 (M.D. Fla. 2007).

## Conclusion

Petitioner's § 2255 motion is barred by the one-year limitation period applicable to § 2255 motions. Petitioner has failed to demonstrate that he was prevented from filing his motion within the limitation period by extraordinary circumstances beyond his control and unavoidable with due diligence. *See* 28 U.S.C. § 2255(6). Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED.[3] The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 29th day of January, 2008.

/s/ *James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner *pro se*
Counsel of Record

---

[3] As the instant § 2255 motion is untimely, it is unnecessary to address the merits of Ground One, which alleges ineffective assistance of counsel as to, "an involuntary Plea." Notwithstanding, this Court notes that Petitioner's plea colloquy and the terms of his Plea Agreement, including the facts admitted therein by Petitioner, belie Petitioner's allegation that he entered an involuntary guilty plea based on the amount of cocaine for which he was held accountable (CR Dkts. 42, 161).